UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MATRIX SERVICE INC., | CIVIL ACTION NO. 13-6264 |
| Plaintiff | |
| v. | JUDGE: |
| INTERNATIONAL-MATEX TANK TERMINALS, LTD. | MAGISTRATE: |
| Defendant | |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, Matrix Service Inc. ("Matrix"), a corporation organized under the laws of the State of Oklahoma, with its principal place of business in the State of Oklahoma, representing as follows:

## PARTIES

I.

Made defendant herein is International-Matex Tank Terminals ("IMTT"), a Delaware general partnership with its principal place of business in New Orleans, Louisiana, who may be served with process through its registered agent, Darryl Daigs, at 1145 Fourth Street, Harvey, Louisiana 70058. IMTT's partners are International Tank Terminals, LLC, a Louisiana limited liability company with its principal place of business in New Orleans, Louisiana; ITT-Storage, Inc., a Louisiana corporation with its

principal place of business in New Orleans, Louisiana, and Macquarie Infrastructure Company, a Delaware corporation with its principal place of business in New York, New York.  International Tank Terminals, LLC's member is IMTT Holdings, Inc., a Delaware corporation with its principal place of business in New Orleans, Louisiana.

## JURISDICTION AND VENUE

### II.

Jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(4) by virtue of the complete diversity of citizenship among the parties and by virtue of the amount in controversy, which exceeds the sum of $75,000.00, exclusive of interest and costs.

### III.

Venue is properly placed in this Court pursuant to 28 U.S.C. § 1391(a), as a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

### IV.

On or about June 28, 2011, Matrix, as contractor, entered into a construction contract ("Contract") with IMTT, as owner, for modifications to an internal bulk-headed floating roof on tank #702 located at IMTT's bulk liquid storage facility in St. Rose, Louisiana ("Project").

V.

Pursuant to the terms of the Contract, Matrix agreed to furnish all labor, equipment, materials, supplies and insurance necessary to perform its scope of work ("Work").  The specifics of the original scope of the Work required under the Contract were set forth in "Appendix 1" and a "June 17, 2011 Proposal and Time and Material Rate Sheet" that were attached to the Contract.  A true and correct copy of the Contract is attached hereto as Exhibit "A."   As the Project progressed, IMTT significantly increased the scope of Matrix's work under the Contract.

VI.

Matrix agreed to perform the Work under the Contract on a time and materials basis.  The budget estimate for Matrix's original scope of Work, as set forth in the Contract, was $50,047.00.   This budget estimate was based upon the June 17, 2011 Proposal and Time and Material Rate Sheet provided to IMTT by Matrix.  As IMTT significantly increased Matrix's scope of Work during the Project, the value of the services performed and materials provided by Matrix for the Project surpassed the budget estimate.

VII.

Pursuant to Section B. of the Contract, IMTT agreed to pay Matrix ninety percent (90%) of Matrix's bi-weekly progress invoices within thirty (30) days of receipt.  IMTT was to withhold a ten percent (10%) retainer until acceptance of all Work.

VIII.

Matrix completed its Work under the Contract on or about September 4, 2011 and IMTT approved all invoices submitted by Matrix for payment. Furthermore, all conditions precedent to payment under the Contract have been satisfied.

IX.

Matrix entered into the Contract in good faith with the understanding that IMTT would timely remit payment, pursuant to the Contract, for its completed Work.

X.

IMTT has breached the Contract by failing to timely remit payment to Matrix for completed Work invoiced by Matrix. To date, IMTT has improperly withheld payments owed to Matrix totaling $248,831.26.

## COUNT ONE - BREACH OF CONTRACT

XI.

Plaintiff incorporates by reference Paragraphs I through X of its Complaint as if fully set forth herein.

XII.

Matrix fully performed its obligations under the Contract in good faith.

XIII.

IMTT failed to perform its obligations under the Contract by not remitting to Matrix timely payment under the Contract for completed and invoiced Work.

XIV.

Pursuant to La. Civ. Code art. 1994, IMTT is liable for Matrix's damages totaling $248,831.26

**COUNT TWO - UNJUST ENRICHMENT**

XV.

Plaintiff incorporates by reference Paragraphs I through XIV of its Complaint as if fully set forth herein.

XVI.

Alternatively, IMTT has been unjustly enriched because Matrix performed modifications to tank #702 to the benefit of IMTT with the expectation that it would be paid; however, IMTT unjustifiably and intentionally has withheld payment.

XVII.

Accordingly, IMTT is liable for the value of the services and materials provided by Matrix in connection with the Project. Pursuant to La. Civ. Code art. 2033, Matrix must be restored to the situation that existed before the Contract was made. If it is impossible or impracticable to make restoration in kind, it may be made through an award of damages.

## **PRAYER**

**WHEREFORE**, after due proceedings are held, Matrix Service Inc. prays for judgment against International-Matex Tank Terminals, as follows:

1) actual damages of Two Hundred Forty Eight Thousand Eight Hundred Thirty One Dollars and Twenty Six Cents ($248,831.26);

2) attorneys' fees;

3) prejudgment and postjudgment interest and costs; and

4) any other relief, equitable or otherwise, the Court may deem just and proper.

Respectfully submitted,

**KREBS, FARLEY & PELLETERI, P.L.L.C.**

 s/ *Amy M. Bernadas*
DAVID J. KREBS, T.A. (La. Bar #1466)
AMY M. BERNADAS (La. Bar #31873)
400 Poydras Street, Suite 2500
New Orleans, LA  70130
Telephone:   (504) 299-3570
Facsimile:    (504) 299-3582
E-mail:         dkrebs@kfplaw.com
                    abernadas@kfplaw.com

ATTORNEYS FOR MATRIX SERVICE INC.